IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM J. JOHANSEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-452-MN-SRF |
| ) | |
| AIR & LIQUID SYSTEMS ) | |
| CORPORATION et al ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Presently before the court in this asbestos-related personal injury action is a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 filed by Ford Motor Company ("Ford" or "defendant"). (D.I. 145) For the following reasons, I recommend GRANTING defendant's motion for summary judgment.[1]

### II.  BACKGROUND

#### A. Procedural History

On February 15, 2017, William J. Johansen ("Mr. Johansen" or "plaintiff") originally filed this personal injury action against multiple defendants in the Superior Court of Delaware, asserting claims arising from his alleged harmful exposure to asbestos. (D.I. 1, Ex. 1) On April 20, 2017, the case was removed to this court by defendant Crane Co. pursuant to 28 U.S.C. §§

---

[1] Ford's opening brief in support of its motion for summary judgment is D.I. 146, plaintiff's answering brief is D.I. 172, and Ford's reply brief is D.I. 179.

1442(a)(1), the federal officer removal statute,[2] and 1446. (D.I. 1) On August 1, 2018, Ford filed its pending motion for summary judgment. (D.I. 145)

## B. Facts

Mr. Johansen alleges that he developed mesothelioma as a result of exposure to asbestos-containing materials during his service as a machinist mate in the United States Navy, his civilian work as a pipefitter, and his work on cars. (D.I. 1, Ex. 1 at ¶¶ 3-6) Mr. Johansen contends that he was injured due to exposure to asbestos-containing products that Ford manufactured, sold, distributed, licensed, or installed. (*Id.* at ¶¶ 4-14) Accordingly, plaintiff asserts claims for negligence, willful and wanton conduct, and strict product liability. (*Id.* at ¶¶ 15-31)

Mr. Johansen was deposed on March 14 and 15, 2017. (D.I. 135) He was deposed again on July 11, 2018. (*Id.*) Plaintiff did not produce any other fact or product identification witnesses for deposition.

Mr. Johansen purchased a used 1966 F-150 Ford pickup in the late 1960s and owned it for one year. (D.I. 172, Ex. A at 136:3-12; D.I. 146, Ex. 3 at 230:21-231:1, 231:14-22) He cannot recall how many miles the vehicle had at the time of purchase, and does not know its maintenance history. (D.I. 146, Ex. 3 at 231:8-10, 232:4-7) He performed one brake job on this vehicle. (D.I. 172, Ex. A at 136:13-16) He then purchased a 1963 F-250 Ford pickup in approximately 1970 that he owned for sixteen years. (*Id.* at 136:20-137:1; Ex. B at 234:23-235:3) He does not recall how many miles the vehicle had at the time of purchase, and does not

---

[2] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

2

know its maintenance history. (*Id.*, Ex. B at 235:4-6, 236:25-237:3) He estimated that he performed four brake jobs on this vehicle. (*Id.*, Ex. A at 137:2-13)

Mr. Johansen described how, when changing brakes on his Ford cars, he would remove the wheel, hub, and springs. (*Id.* at 137:24-138:3) He would then slide off the old brake, clean the area, and sand the new brake before installing the replacement brake. (*Id.* at 138:4-13, 138:23-139:2) Mr. Johansen testified that he believes he was exposed to asbestos by sanding the replacement brakes and inhaling the resulting dust. (*Id.* at 138:9-22, 139:14-17) He also noted that he was able to identify whether he was removing and installing Ford brakes because the brakes were labelled with the name "Ford" or "FOMC." (*Id.*, Ex. B at 232:12-21, 234:2-7, 237:10-23, 240:2-9) Mr. Johansen could not remember the packaging for the new brakes. (*Id.* at 233:16-19) He could not identify whether the old brakes he removed were installed as new brakes or remanufactured brakes. (*Id.* at 237:24-238:2)

Mr. Johansen was diagnosed with mesothelioma in December 2016. (*Id.*, Ex. A at 145:8-11)

### III. LEGAL STANDARD

#### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

3

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). An assertion of whether or not a fact is genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247-49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex*, 477 U.S. at 322. If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact

4

undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[3]

**B. Washington Law**

The parties do not dispute that Washington law applies to the instant motion. (D.I. 105) Under Washington law, a plaintiff asserting a claim for asbestos-related injuries must "establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. In order to have a cause of action, the plaintiff must identify the particular manufacturer of the product that caused the injury." *Lockwood v. AC & S, Inc.*, 744 P.2d 605, 612 (Wash. 1987) (citing *Martin v. Abbott Labs.*, 102 Wash. 2d 581, 590 (1984)). Washington law requires plaintiffs to establish that exposure to asbestos from a particular product was a "substantial factor" in causing the plaintiff's injuries. *See Barabin v. Albany Intern. Corp.*, 2009 WL 2578967, at *5-6 (W.D. Wash. Aug. 18, 2009); *Barabin v. AstenJohnson, Inc.*, 2010 WL 11613472, at *2-3 (W.D. Wash. Dec. 10, 2010). In identifying manufacturers, plaintiffs may

---

[3] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) advisory committee's note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id.* However, the Advisory Committee noted that summary judgment is meant to pierce the pleadings and to assess proof to see whether there is a genuine need for trial. *Id.* Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id.* The amendment recognizes that, "despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id.*

rely on witness testimony, but the burden remains on the plaintiff to make this identification and establish a causal connection between the injury, product, and manufacturer of that product. *Lockwood*, 744 P.2d at 612-13. In determining whether there is evidence that defendant's conduct was a substantial factor in causing plaintiff's injury, courts consider:

> the evidence of plaintiff's proximity to the asbestos product when the exposure occurred and the expanse of the work site where asbestos fibers were released. They should also take into account the extent of time that the plaintiff was exposed to the product. . . . Courts should also consider the types of asbestos products to which the plaintiff was exposed and the ways in which such products were handled and used . . . . In addition, trial courts must consider the evidence presented as to medical causation of the plaintiff's particular disease.

*Id.* at 613. *See also Estate of Brandes v. Brand Insulations, Inc.*, 2017 WL 325702, at *5 (Wash. Ct. App. Jan. 23, 2017); *Morgan v. Aurora Pump Co.*, 248 P.3d 1052, 1057 (Wash. 2011).

## IV. DISCUSSION

### A. Negligence Claim

Ford argues that summary judgment should be granted because there is no evidence that plaintiff worked with or around an original Ford asbestos-containing brake or replacement brake. (D.I. 146 at 5) To bolster this argument, Ford asserts that plaintiff was unable to remember the packaging of replacement brakes, and that he did not purchase replacement parts from a Ford dealership. (*Id.*) Plaintiff argues, however, that he specifically identified that in every instance of removing or installing brakes on his Ford vehicles, he encountered products labelled with the name "Ford" or "FOMC." (D.I. 172 at 11)

Mr. Johansen owned two Ford vehicles and performed five brake removals and installations, in the aggregate, over the course of seventeen years of maintenance on these vehicles. (D.I. 172, Ex. A at 136:13-16, 137:2-13) Viewing the facts in a light favorable to the plaintiff, brakes identified by their label of "Ford" or "FOMC" were removed and installed on

plaintiff's Ford vehicles, establishing a sufficient identification of Ford's products. (*Id.*, Ex. B at 232:12-21, 234:2-7, 237:10-23, 240:2-9) Additionally, plaintiff presented evidence from the record to support his contention that the factfinder could reasonably determine that any Ford brakes purchased in the 1960s or 1970s would have contained asbestos. (*Id.*, Ex. C; Ex. D) Plaintiff testified that in changing the brakes on his vehicles, he routinely sanded the replacement brakes before installing them and inhaled the resulting dust. (*Id.*, Ex. A at 138:9-22)

Ford claims that Mr. Johansen did not know whether the brakes he removed were original or remanufactured brakes. (D.I. 146 at 5) However, Mr. Johansen's testimony is that the brakes he removed had Ford's label. (*Id.*, Ex. 3 at 232:12-21) Ford further asserts that Mr. Johansen could not recall where he purchased the replacement brakes, and therefore there is no evidence that he worked with a Ford asbestos-containing replacement brake. (D.I. 146 at 5) Although Mr. Johansen could not recall where he purchased replacement brakes, he testified that he replaced his brakes with the same product as what he removed, and knew this was the case because both the removed and installed brakes were labelled with the name "Ford" or "FOMC." (D.I. 172, Ex. A at 141:14-21; Ex. B at 233:7-15) Plaintiffs "need not offer a detailed recollection of facts surrounding the exposure to the asbestos-containing product." *Jack v. Borg-Warner Morse Tec, LLC*, 2018 WL 4409800, at *15 (W.D. Wash. Sept. 17, 2018) (quoting *Morgan v. Aurora Pump Co.*, 248 P.3d 1052, 1056 (Wash. Ct. App. 2011)). *Jack* involved an automobile mechanic's claim of alleged asbestos exposure from Ford brake products. *Id.* The plaintiff in *Jack* stated that he worked with Ford brakes, grinded them when working on his cars, and could not remember whether he purchased these brakes from a Ford dealership. *Id.* However, unlike the plaintiff in *Jack*, Mr. Johansen was not regularly exposed to brakes over three decades of automotive work. *Id.*

Ford argues that even if it assumed that Mr. Johansen worked with asbestos-containing Ford brakes, his exposure is *de minimis* and should not defeat summary judgment. (D.I. 146 at 6) Ford has cited and included a transcript and three orders from the Superior Court of Washington, granting defendants' motions for summary judgment where exposure was *de minimis*.[4] (D.I. 179 at 5-6; Ex. 4; Ex. 5; Ex. 6; Ex. 7) The court is informed by the persuasive authority of the Delaware Superior Court in *In re Asbestos Litig.*, 2011 WL 6058302 (Del. Super. Ct. Nov. 16, 2011) ("*Gordon*") and *In re: Asbestos Litig.*, 2017 WL 237617, at *2 (Del. Super. Ct. Jan. 17, 2017) ("*Hastings*"). Plaintiffs must "show 'some evidence' of both 'daily and continuous proximity' to defendant's product for more than a *de minimis* period of time." *Hastings*, 2017 WL 237617, at *2 (citing *Collins v. Ashland, Inc.*, 2009 WL 81297 (Del. Super. Ct. Jan. 6, 2009)). The court in *Gordon* applied a *de minimis* standard to a plaintiff who interacted with defendant's product approximately fifty times for one hour each over forty-seven years. *Gordon*, 2011 WL 6058302, at *1-2. The court found there was insufficient evidence of frequent or regular exposure to asbestos, summarizing that "[o]ver the course of a lifetime, this averages out to a little over an hour per year that Gordon spent replacing automotive gaskets." *Id.* at *3. Mr. Johansen's exposure similarly does not exceed a *de minimis* standard. Mr. Johansen claimed exposure to five brake jobs over the course of seventeen years of maintenance on his vehicles. (D.I. 172, Ex. A at 136:13-16, 137:2-13) Such exposure does not meet the substantial factor causation standard, and the court recommends granting Ford's motion for summary judgment with respect to plaintiff's negligence claim.

---

[4] The Superior Court of Washington transcript and orders do not include a factual summary quantifying the amount of exposure deemed *de minimis* by the court.

### B. Failure to Warn Claim

Ford moves for summary judgment on the basis that it did not have a duty to warn of asbestos hazards associated with the replacement parts manufactured by third parties. Plaintiff has failed to provide any argument that would raise a dispute of fact regarding Ford's alleged negligence for failure to warn of the alleged hazards associated with replacement parts manufactured by third parties. (*See* D.I. 172) The court in *Braaten v. Saberhagen Holdings*, 198 P.3d 493 (Wash. 2008) recognized the general rule that "a manufacturer does not have an obligation to warn of the dangers of another manufacturer's product." *Braaten*, 198 P.3d at 501. Therefore, the court recommends granting Ford's motion for summary judgment with regard to its alleged negligence for failure to warn of asbestos hazards for replacement parts it did not manufacture.

### C. Punitive Damages Claim

Under Washington law, punitive damages are not awarded unless expressly authorized by the legislature. *See Barr v. Interbay Citizens Bank of Tampa, Fla.*, 635 P.2d 441, 443-44 (Wash. 1981) (citing *Maki v. Aluminum Bldg. Prods.*, 436 P.2d 186 (Wash. 1968); *Spokane Truck & Dray Co. v. Hoefer*, 25 P. 1072 (Wash. 1891)); *Randles v. Platypus Marine, Inc.*, 2014 WL 3925406, at *2 (W.D. Wash. Aug. 12, 2014). Plaintiff has failed to provide any argument or citation to authority in opposition to Ford's motion to dismiss punitive damages as a matter of law. (*See* D.I. 172) Consequently, the court recommends granting defendant's motion for summary judgment with regard to plaintiff's punitive damages claim.

## V. CONCLUSION

For the foregoing reasons, the court recommends granting-in-part and denying-in-part defendant's motion for summary judgment. (D.I. 145)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 25, 2019

Sherry R. Fallon
United States Magistrate Judge